**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| WILLIAM HENRY SHERRATT,<br><br>      Plaintiff,<br><br>  v.<br><br>ROBERT T. BRAITHWAITE et al.,<br><br>      Defendants. | Case No. 2:05-CV-658 TS<br><br>**MEMORANDUM DECISION AND SCREENING ORDER DISMISSING COMPLAINT** |

Plaintiff, William Henry Sherratt, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.S. § 1983 (West 2007). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Plaintiff

must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007)(dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").  For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  Id.  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Id.  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  Id.

## II. Plaintiff's Allegations

Plaintiff's Complaint challenges the validity of his arrest, trial, conviction, and state court appeals process.  Although the Complaint is somewhat vague and difficult to decipher, the essence of Plaintiff's claims appears to be that various legal mistakes were made with regard to his arrest, trial and

subsequent appeals.  Count I of the Complaint alleges "Illegal Arrest" in violation of the Fourth Amendment based on Plaintiff's assertion that the warrant for his arrest was not supported by a sworn complaint or information.  Plaintiff argues that his allegedly illegal arrest undermines the validity of his conviction.  Count II alleges "Illegal Trial" in violation of the Fifth Amendment, however, Plaintiff does not offer any specific facts to support this claim.  Count III alleges "violation of the 14th Amendment right to due process during prosecution."  This claim is also unsupported by any specific facts in the complaint.  Count IV alleges "violation of the 1st Amendment right of redress" based on alleged errors in Plaintiff's state habeas proceedings.  And, finally, Count V alleges "Religious Discrimination" based on the allegedly erroneous admission of religious testimony at Plaintiff's trial.

The Complaint names as defendants the judge who presided over Plaintiff's criminal trial and certain state habeas proceedings, the prosecuting attorney, a sheriff's deputy involved with the case, and up to one hundred unidentified "John Does."  Plaintiff seeks declaratory judgment invalidating his conviction, compensatory and punitive damages, and costs.

### III. Sufficiency of Plaintiff's Complaint

It is well settled that "habeas corpus is the exclusive

remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 480-82, 114 S. Ct. 2364 (1994).  Under *Heck*, claims for damages or release from confinement based on unconstitutional imprisonment are not cognizable under 42 U.S.C. § 1983 unless the plaintiff can show that his conviction or sentence has already been invalidated.  *Id.* at 487.  Thus, before a plaintiff can pursue a civil rights claim for damages based on malicious prosecution, wrongful conviction, false imprisonment or other similar claims, he must first "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.*

As an initial matter, the Court notes that Plaintiff has also filed a habeas corpus petition in this District based on essentially the same actions challenged here.[1]  *See Sherratt v.*

---

[1] In fact, court records show that Plaintiff has filed four separate cases in this District over the past two years (both habeas and civil rights actions) all challenging various aspects of his conviction and confinement.  Moreover, two additional civil rights type actions related to Plaintiff's conviction have recently been removed to this District from the state courts and are now pending screening.

*Friel* 2:05CV885 TC (filed Nov. 7, 2005).  In his habeas petition, filed just months after this case, Plaintiff admits that "[a] civil rights lawsuit 28 U.S.C. § 1983 [sic], *based upon these same actions* has been mailed to Utah District Court . . . ." (2:05-CV-885 TC Doc. no. 3 pp 5-6 (emphasis added).)  Given the timing and nearly identical content of these two cases it appears this suit was intended as a collateral attack upon Plaintiff's conviction, a goal which can only be pursued through habeas proceedings.

   Even assuming this case was intended solely to vindicate Plaintiff's civil rights, it does not appear that Plaintiff can state a viable civil rights claim based on the facts alleged in his Complaint without undermining the validity of his conviction, sentence, or confinement, as prohibited under *Heck*.  In fact, Plaintiff's Complaint explicitly seeks a determination that various aspects of Plaintiff's criminal prosecution, conviction and state appeals process were unconstitutional.  Because Plaintiff's allegations are inextricably linked to the validity of his conviction and confinement, the Court concludes that Plaintiff's claims are not cognizable under § 1983 absent a showing that his conviction or confinement have previously been invalidated through proper channels.  Because Plaintiff's habeas petition remains pending he obviously cannot make such a showing

at this time.  Thus, the Court concludes that this case is currently precluded under *Heck* and must be dismissed for failure to state a claim.

**ORDER**

Based on the forgoing, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice for failure to state a claim on which relief can be granted.  *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2007).

DATED this 11th  day of July, 2007.

BY THE COURT:

_____
Ted Stewart
United States District Judge